IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LYDIAN WEALTH MANAGEMENT
COMPANY, LLC and WINDERMERE
INVESTMENT ASSOCIATES, LLC,
        Plaintiffs,

v.

NANCY L. JACOB,
        Defendant.

CV 06-1796-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    This action was filed in December 2006 against defendant Nancy L. Jacob by plaintiffs Lydian Wealth Management Company, LLC ("Lydian"), and Windermere Investment Associates, LLC ("Windermere"). Plaintiffs' complaint (#1) alleges (i) breach of contract, (ii) unjust enrichment, (iii) breach of the implied covenant of good faith and fair dealing, (iv) breach of fiduciary duty, (v) interference with contractual relations, and (vi) intentional interference with prospective business advantage, all arising out of Jacob's alleged violation of restrictive

Page 1 - OPINION AND ORDER

covenants she agreed to upon becoming plaintiffs' employee.  This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, based on the complete diversity of the parties and the amount in controversy.

Now before the court is plaintiffs' motion (#108) (i) to compel defendant Jacob pursuant to Federal Civil procedure Rule 26(a)(1)(B) to disclose certain documents stored on her laptop, (ii) to compel Jacob to produce the same documents in response to discovery requests, (iii) for sanctions based on Jacob's prior failure to disclose or produce the documents in question, and (iv) to hold in abeyance this court's disposition of Jacob's motion for summary judgment until the documents in question have been obtained and analyzed.  Also before the court is Jacob's motion (#109) for extension of time to respond to plaintiffs' motion (#108).  For the reasons set forth below, plaintiffs' motion (#108) is denied in its entirety, and Jacob's motion (#109) is therefore denied as moot.

## FACTUAL BACKGROUND

At the time Jacob left plaintiffs' employ, she retained her personal laptop computer.  That computer contained in stored memory certain information plaintiffs assert to be confidential, including client contact information and client reports.  Jacob did not disclose that she had such information in her possession at the outset of this litigation and, indeed, asserted early in this litigation that she had no such information in her possession.  It was not until Jacob's July 24, 2007, deposition that plaintiffs first learned of the existence of the confidential information stored on Jacob's computer.

Jacob filed a motion for summary judgment (#16) on February 9, 2007.  On March 16, 2007, plaintiffs submitted a response in opposition to Jacob's motion.  That same day, plaintiffs

requested and, on April 2, 2007, received from this court permission to conduct Rule 56(f) discovery in order to supplement their opposition to Jacob's motion. Subsequently, in or around mid-April 2007, plaintiffs requested the following in discovery:

> Produce all documents or electronically stored information which [Jacob] . . . removed from Plaintiffs' possession prior to her resignation . . . , including, but not limited to, financial plans and data concerning Plaintiffs or protected customers; customer lists and financial information; details of customer contracts, including fees and fee schedules; customer investments and investment fees; and prospective customer lists and anticipated customer acquirements.

Plaintiffs' Request No. 12.

> Plaintiffs further requested as follows:
>
> Produce all documents or electronically stored information or computer images reflecting computer files transferred or removed from January through June, 2006, from any computer utilized by Defendant during her employment with Plaintiffs.

Plaintiffs' Request No. 15.

> Plaintiffs further requested as follows:
>
> Produce all documents or electronically stored information which [Jacob] maintained separately during her tenure with Plaintiffs, including, but not limited to, financial plans and data concerning Plaintiffs or protected customers; customer lists and financial information; details of customer contracts, including fees and fee schedules; customer investments and investment fees; and prospective customer lists and anticipated customer acquirements.

Plaintiffs' Request No. 23.

On May 16, 2007, Jacob responded to these discovery requests by stating that she "ha[d] no non-privileged documents responsive to th[e] request[s] in her possession, custody, or control."

Subsequently, on July 24, 2007, Jacob was deposed. In the course of her deposition, plaintiffs learned for the first time of the existence of confidential information on her laptop.

Page 3 - OPINION AND ORDER

Plaintiffs took no immediate action to request that Jacob update her previous discovery responses. Six days later, on July 30, 2007, the deadline for completion of all discovery in this action passed without any action being taken to secure production of the documents in question.

On August 16, 2007, plaintiffs filed their supplemental response in opposition to Jacob's motion for summary judgment, incorporating the results of their Rule 56(f) discovery. Oral argument was heard on Jacob's summary judgment motion September 25, 2007. The motion now before the court was filed October 5, 2007.

## ANALYSIS

I.  **Motion to Compel Disclosure**

Federal Civil Procedure Rule 26(a)(1)(B) provides as follows:

Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

> \* \* \*
>
> (B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. . . .

Fed. R. Civ. P. 26(a)(1)(B). Federal Civil Procedure Rule 37(c)(1) prohibits the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed, unless the failure to disclose was substantially justified or was harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097, 1105 (9th Cir. 2004).

Plaintiffs assert that the documents at issue here "fit squarely within" the scope of Rule 26(a)(1)(B), which requires disclosure *only* of "documents . . . that the disclosing party may use

to support its claims or defenses. . . ." However, it is clear that Jacob has no intention to use these documents in support of her claims or defenses. Because the documents are outside the scope of Rule 26(a)(1)(B), plaintiffs' motion to compel disclosure is denied.

## II.     Motion to Compel Production

Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Under Rule 26(b)(2), however, the court may limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, or that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. In deciding whether to restrict discovery under Rule 26(b)(2), "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006).

The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251,

253-4 (S.D.Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

The documents at issue here are clearly within the scope of plaintiffs' document discovery Request No. 23, which required Jacob to produce documents she had maintained separately while employed by Lydian, including documents containing confidential information of the kind at issue here. Moreover, the information sought is clearly discoverable, being both relevant and non-privileged. Had plaintiffs made a timely request to compel production, they would have been entitled to the requested discovery.

However, plaintiffs' motion is untimely as falling approximately 65 days following the date the discovery cutoff passed and 71 days following the deposition of Jacob in which the existence of the information was first divulged, and plaintiffs offer no explanation or justification for the motion's untimeliness. Because more than two months elapsed between passage of the discovery deadline and the filing date of plaintiffs' motion, the motion to compel is denied as untimely.

### III. Sanctions

Federal Civil Procedure Rule 37 provides that a party prevailing on a motion to compel discovery is entitled to award of attorney fees incurred in bringing the motion, absent special circumstances:

> If [a] motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the

moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

F.R.C.P. 37(a)(4)(A).

Because the motions to compel disclosure and production are each denied, the request for sanctions is likewise denied.

## IV. Abeyance

Federal Civil Procedure Rule 56 provides that where a party presents affidavits stating that more evidence is needed to oppose summary judgment, the court may, among other things, hold summary judgment in abeyance to permit necessary discovery to take place:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Because the motions to compel disclosure and production are each denied, the request for continuance is likewise denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#108) is denied in its entirety. Jacob's

///

///

///

///

motion (#109) for extension of time to file her response to plaintiffs' motion is therefore denied as moot.

Dated this 11th day of October, 2007.

   /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge