IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LYDIAN WEALTH MANAGEMENT
COMPANY, LLC and WINDERMERE
INVESTMENT ASSOCIATES, LLC,
         Plaintiffs,

                                              CV 06-1796-PK

                                              OPINION AND
v.                                                ORDER


NANCY L. JACOB,
         Defendant.
_____

PAPAK, Magistrate Judge:

      This action was filed in December 2006 against defendant Nancy L. Jacob by plaintiffs Lydian Wealth Management Company, LLC ("Lydian"), and Windermere Investment Associates, LLC ("Windermere"). Plaintiffs' complaint (#1) alleges (i) breach of contract, (ii) unjust enrichment, (iii) breach of the implied covenant of good faith and fair dealing, (iv) breach of fiduciary duty, (v) interference with contractual relations, and (vi) intentional interference with prospective business advantage, all arising out of Jacob's alleged violation of restrictive

Page 1 - OPINION AND ORDER

covenants she agreed to upon becoming plaintiffs' employee.  This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, based on the complete diversity of the parties and the amount in controversy.

Now before the court is Jacob's motion (#114) (i) to quash two subpoenas issued by defendants October 11, 2007, (ii) for a protective order to prevent defendants from seeking to enforce the two subpoenas, and (iii) for fees incurred in bringing the motion.  For the reasons set forth below, Jacob's motion is granted in part and denied in part.  Specifically, the motion to quash is granted, the request for protective order is denied as moot, and the request for fees is denied.

## FACTUAL BACKGROUND

This action was first filed on December 15, 2006.  On that same date, this court issued a Discovery and Pretrial Scheduling Order (#3) stating that "Discovery is to be completed by 4/16/2007."  Jacob filed a motion for summary judgment (#16) on February 9, 2007.  On March 15, 2007, plaintiffs filed an Unopposed Motion for Extension of Discovery and PTO Deadlines (#38).  The following day, March 16, 2007, plaintiffs filed, in addition, a Motion to Continue Ruling on Summary Judgment Motion Pursuant to F.R.C.P. 56(f) (#40).

Subsequently, on March 19, 2007, this court granted plaintiffs' motion (#38) to extend the cut-off date for general discovery.  The general discovery cut-off date was extended by minute order (#42) to July 16, 2007.  That deadline was not thereafter modified.

On April 2, 2007, this court likewise granted plaintiffs' motion (#40) seeking Rule 56(f) discovery.  By minute order (#48), this court set the deadline for "Discovery pertaining to summary judgment to . . . 6/4/2007."

On April 16, 2007, plaintiffs served discovery requests on Jacob, including a subpoena on AT&T seeking telephone records "for any accounts in the name of . . . Jacob or NLJ Advisors, Inc., . . . for the period of 11/1/05 through 9/30/06 reflecting all calls generated or reeceived [sic]." In subsequent statements to the court, plaintiffs indicated that the subpoena of April 16, 2007, was intended as Rule 56(f) discovery.

On May 2, 2007, plaintiffs moved for extension of deadlines pertaining to summary judgment (#58). On May 23, 2007, this court granted plaintiffs' motion (#58), and, by minute order (#73), set the deadline for "Discovery pertaining to summary judgment to . . . 7/30/2007." The Rule 56(f) discovery deadline was not thereafter modified.

Because AT&T representatives indicated that responding to the subpoena of April 16, 2007, would require significant time, Jacob provided hard copies of her telephone records, in redacted form, on July 5, 2007. Approximately two weeks later, on July 24, 2007, Jacob was deposed; plaintiffs did not elect to ask Jacob any questions regarding those telephone records.

On July 16, 2007, the deadline for general discovery in this matter was reached. On July 30, 2007, Rule 56(f) discovery in this matter closed.

On August 16, 2007, plaintiffs filed their supplemental response in opposition to Jacob's motion for summary judgment, incorporating the results of their Rule 56(f) discovery. Oral argument was heard on Jacob's summary judgment motion September 25, 2007.

On October 5, 2007, plaintiffs filed a motion (#108) to compel Jacob to disclose and produce discovery documents. On October 11, 2007, this court issued an Opinion and Order (#112) denying plaintiffs' motion (#108) as untimely, being filed long after the deadlines for general discovery (July 16, 2007) and for Rule 56(f) discovery (July 30, 2007) had passed.

Also on October 11, 2007, this court issued a Findings and Recommendation (#113), recommending that Jacob's motion for partial summary judgment be granted as to all of defendants' claims against her.

Also on October 11, 2007, plaintiffs issued two further subpoenas on third party telephone service providers. These subpoenas request production of all of AT&T/Cingular Wireless' and Qwest's telephone records "for any accounts in the name of . . . Jacob or NLJ Advisors, Inc., and/or [Jacob's spouse] George Fotheringham. . . for the period of 11/1/05 through 9/30/06 reflecting all calls generated or received." Jacob now requests that the two subpoenas of October 11, 2007, be quashed, and that a protective order issue preventing plaintiffs from seeking to enforce them.

## APPLICABLE LAW

**I.  Scope of Permissible Discovery, Generally**

Federal Civil Procedure Rule 26(b)(1) provides that "any matter, not privileged, that is relevant to the claim or defense of any party" is discoverable, and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." However, the district courts have discretion to limit the scope of discovery under specified circumstances, as follows:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2)(C).

## II. Motion to Quash

The Federal Rules of Civil Procedure grant authority in the district courts to quash a requested subpoena under specified circumstances:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> * * *
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv) subjects a person to undue burden.
>
> (B) If a subpoena
>
> . . . requires disclosure of a trade secret or other confidential research, development, or commercial information . . .
>
> * * *
>
> . . . the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Fed. R. Civ. P. 45(c)(3).

"[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Heat and Control Inc. v. Hester Indus.*, 785 F.2d

1017, 1024 (Fed. Cir. 1986); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (D. Cal. 2006).

### III. Motion for Protective Order

For "good cause shown," a court may issue a protective order that "discovery may be had only on specified terms and conditions." Fed. R. Civ. P. 26(c)(2). Under Fed. R. Civ. P. 26(c), this Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> * * *
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. . .

Fed. R. Civ. P. 26(c).

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Generally, a party seeking a protective order must meet a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). A "strong showing" is required before a party will be denied the right to take a deposition. *Id.*

### IV. Fees

Federal Civil Procedure Rule 37 provides that a party prevailing on a motion to compel

discovery is entitled to award of attorney fees incurred in bringing the motion, absent special circumstances:

> If [a] motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed .R. Civ. P. 37(a)(4)(A).

Federal Civil Procedure Rule 26(c) provides that "[t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to [a] motion" for a protective order. Fed .R. Civ. P. 26(c).

## ANALYSIS

**I.     Motion to Quash**

Plaintiffs seek telephone records from AT&T/Cingular Wireless and Qwest to which they would clearly be entitled under Federal Civil Procedure Rule 26(b)(1) had they made timely request therefor. However, the subpoenas issued almost 90 days following the date that general discovery closed in this action, and over 70 days following the date Rule 56(f) discovery closed. Plaintiffs are no longer entitled to seek discovery in this action absent a court order expressly permitting them to do so. The subpoenas are therefore untimely, and, for reasons similar to those recited in this court's Opinion and Order of October 11, 2007 (#112), Jacob's motion to quash the subpoena dated October 11, 2007, addressed to AT&T/Cingular Wireless and the subpoena dated October 11, 2007, addressed to Qwest is granted.

## II. Protective Order

In addition to an order quashing the two subpoenas, Jacob request a protective order to prevent plaintiffs from seeking enforcement thereof. Because this court grants the motion to quash, the subpoenas are unenforceable. The request for protective order is therefore moot and, in consequence, is denied.

## III. Fees

Pursuant to Federal Civil Procedure Rule 26(c), Jacob requests her fees reasonably incurred in bringing her motion (#114). Rule 26(c) provides that fees are available in connection with the grant of a motion for protective order, but does not provide any basis for award of fees in connection with the grant of a motion to quash. *See* Fed. R. Civ. P. 26(c), 37(a)(4). Because this court grants the motion to quash but denies the request for protective order, no basis for award of fees exists. The request for fees is therefore denied.

## CONCLUSION

For the reasons set forth above, Jacob's motion (#114) is granted in part and denied in part. Specifically, the motion to quash the subpoena dated October 11, 2007, addressed to

///

///

///

///

///

///

///

AT&T/Cingular Wireless and the subpoena dated October 11, 2007, addressed to Qwest is granted, and the requests for a protective order and for award of attorney fees are denied.

Dated this 19th day of October, 2007.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge