IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYDIAN WEALTH MANAGEMENT
COMPANY, LLC and WINDERMERE
INVESTMENT ASSOCIATES, LLC,
        Plaintiffs,

        CV 06-1796-PK

        OPINION AND
v.        ORDER


NANCY L. JACOB,
        Defendant.

PAPAK, Magistrate Judge:

       This action was filed in December 2006 against defendant Nancy L. Jacob by plaintiffs Lydian Wealth Management Company, LLC ("Lydian"), and Windermere Investment Associates, LLC ("Windermere"). This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, based on the complete diversity of the parties and the amount in controversy.

       On October 11, 2007, by Opinion and Order (#112), this court denied plaintiffs' motion

Page 1 - OPINION AND ORDER

(#108) to compel disclosure and production of documents, for sanctions, and to hold summary judgment proceedings in abeyance. Now before the court is a document styled as Plaintiffs [*sic*] Objections To The Opinion And Order Regarding Motion to Compel Discovery (#120), reciting plaintiffs' assignments of error in connection with this court's order (#112). Because no procedural mechanism exists by which a party may file "objections" to a court order, this court will construe plaintiffs' motion (#120) as a motion for reconsideration.

This court has considered plaintiffs' motion and all of the parties' pleadings on file. For the reasons set forth below, plaintiffs' motion for reconsideration is denied.

**FACTUAL BACKGROUND**

Because the parties are wholly familiar with the facts underlying this dispute, and because those facts have been related in greater detail in this court's prior orders, some relevant facts will be described herein in summary fashion only.

In or around March 2004, Jacob and Lydian agreed that Jacob would sell and Lydian would purchase Windermere, a wealth-management service provider of which Jacob was the president, managing principal, and 90% shareholder. By a separate but related agreement, Lydian agreed to employ Jacob as president of Windermere and as a managing director of Lydian. The employment agreement by which Lydian agreed to employ Jacob contained various restrictive covenants, among which was a provision by which Jacob agreed that she would not "use, reveal, divulge, or disclose" Lydian's confidential information, nor "use or make use of" any such information in connection with business activity. The effective date of both agreements was May 20, 2004.

On March 1, 2006, following approximately two years of employment by Lydian, Jacob

announced her resignation with an effective date of June 16, 2006. At the time Jacob left plaintiffs' employ, she retained her personal laptop computer. That computer contained in stored memory certain information plaintiffs assert to be confidential, including client contact information and client reports. As noted in this court's Opinion and Order of October 11, 2007 (#112), Jacob did not disclose that she had such information in her possession at the outset of this litigation and, indeed, affirmatively asserted early in this litigation that she had no such information in her possession. It was not until much later, on the occasion of Jacob's July 24, 2007, deposition, that plaintiffs first learned of the existence of the confidential information stored on Jacob's computer.

This action was filed on December 15, 2006. On that same date, this court issued a Discovery and Pretrial Scheduling Order (#3) stating that "Discovery is to be completed by 4/16/2007."

Jacob filed a motion (#16) for partial summary judgment on February 9, 2007. On March 15, 2007, plaintiffs filed an Unopposed Motion for Extension of Discovery and PTO Deadlines (#38). The following day, March 16, 2007, plaintiffs submitted a response in opposition to Jacob's motion for partial summary judgment. Also on March 16, plaintiffs filed a Motion to Continue Ruling on Summary Judgment Motion Pursuant to F.R.C.P. 56(f) (#40).

Subsequently, on March 19, 2007, this court granted plaintiffs' motion (#38) to extend the cut-off date for general discovery. The general discovery cut-off date was extended by minute order (#42) to July 16, 2007. That deadline was not thereafter modified.

On April 2, 2007, this court likewise granted plaintiffs' motion (#40) seeking Rule 56(f) discovery. By minute order (#48), this court set the deadline for "Discovery pertaining to

summary judgment to . . . 6/4/2007."

On April 16, 2007, plaintiffs served discovery requests on Jacob, including (among other requests for production of documents and in addition to various interrogatories) the following:

> Produce all documents or electronically stored information which [Jacob] . . . removed from Plaintiffs' possession prior to her resignation . . . , including, but not limited to, financial plans and data concerning Plaintiffs or protected customers; customer lists and financial information; details of customer contracts, including fees and fee schedules; customer investments and investment fees; and prospective customer lists and anticipated customer acquirements.

Plaintiffs' Request No. 12.

Plaintiffs further requested as follows:

> Produce all documents or electronically stored information or computer images reflecting computer files transferred or removed from January through June, 2006, from any computer utilized by Defendant during her employment with Plaintiffs.

Plaintiffs' Request No. 15.

Plaintiffs further requested as follows:

> Produce all documents or electronically stored information which [Jacob] maintained separately during her tenure with Plaintiffs, including, but not limited to, financial plans and data concerning Plaintiffs or protected customers; customer lists and financial information; details of customer contracts, including fees and fee schedules; customer investments and investment fees; and prospective customer lists and anticipated customer acquirements.

Plaintiffs' Request No. 23. Plaintiffs' Requests Nos. 12, 15, and 23 would later become the subject of plaintiffs' motion to compel (#108).

On May 2, 2007, plaintiffs moved for extension of deadlines pertaining to summary judgment (#58). On May 23, 2007, this court granted plaintiffs' motion (#58), and, by minute order (#73), set the deadline for "Discovery pertaining to summary judgment to . . . 7/30/2007." The Rule 56(f) discovery deadline was not thereafter modified.

On May 16, 2007, Jacob responded to plaintiffs' cited discovery requests by stating that she "ha[d] no non-privileged documents responsive to th[e] request[s] in her possession, custody, or control." By contrast, Jacob indicated that she would produce documents responsive to other requests, including Plaintiffs' Requests Nos. 3-8, 13, 16, 17, 20, and 21.

By June 15, 2007, in spite of her response of May 16, 2007, Jacob had failed to produce the promised documents. On that date, plaintiffs filed a motion (#75) to compel documents in response to Plaintiffs' Requests Nos. 3-8, 13, 16, 17, 20, and 21, a response to Plaintiffs' Interrogatory No. 2, and a privilege log. On the eve of oral argument in connection with plaintiffs' motion (#75), however, Jacob produced both a privilege log and what she characterized as all responsive documents. This court therefore granted plaintiffs' motion to the extent it sought a response to Plaintiffs' Interrogatory No. 2, and denied the remainder of the motion as moot, with leave to refile in the event the production proved inadequate following analysis of the dilatorily produced documents. Plaintiffs did not thereafter refile their motion.

Subsequently, on July 24, 2007, Jacob was deposed. As noted in this court's Opinion and Order of October 11, 2007 (#112), in the course of her deposition plaintiffs learned for the first time of the existence of confidential information on her laptop. Plaintiffs took no immediate action to request that Jacob update her previous discovery responses in light of the newly divulged information. Six days later, on July 30, 2007, the deadline for completion of all discovery in this action passed without any further action being taken to secure production of the documents in question.

On August 16, 2007, plaintiffs filed their supplemental response in opposition to Jacob's motion for summary judgment, incorporating the results of their Rule 56(f) discovery. Oral

argument was heard on Jacob's summary judgment motion September 25, 2007.

On October 5, 2007, plaintiffs filed their motion (#108) to compel disclosure, to compel production in response to Plaintiffs' Requests Nos. 12, 15, and 23, for sanctions, and to hold summary judgment proceedings in abeyance. On October 11, 2007, this court denied plaintiffs' motion (#108) as untimely and granted Jacob's motion for partial summary judgment (#16). On October 24, 2007, plaintiffs filed their motion (#120) for reconsideration of this court's denial of their October 5, 2007, motion (#108) to compel. The motion for reconsideration is now before the court.

## ANALYSIS

Plaintiffs' motion for reconsideration (#120), styled as "objections" to this court's order (#112) denying plaintiffs' motion to compel (#108), articulates five discrete assignments of error. For the reasons set forth below, each of plaintiffs' assignments of error is ill-founded.

Plaintiffs' first assignment of error relates to this court's denial of plaintiffs' motion to compel disclosure pursuant to Federal Civil Procedure Rule 26(a)(1)(B). Rule 26(a)(1)(B) requires disclosure of "documents . . . that the disclosing party may use to support its claims or defenses. . . ." Plaintiffs have argued that the confidential information retained by Jacob "fit squarely within" the scope of Rule 26(a)(1)(B). In its order (#112), this court noted that "Jacob ha[d] no intention to use the[ confidential information she retained when she left Lydian's employ] in support of her claims or defenses," and on that basis denied the motion to compel disclosure. Plaintiffs now assert that this finding was "clearly in error" because Jacob relied upon various documents that had been stored on her laptop in the course of argument in favor of summary judgment. Plaintiffs do not, however, identify any specific document relied upon by

Page 6 - OPINION AND ORDER

Jacob that should properly have been disclosed.

Plaintiffs' argument relies more on misdirection than on fact. Most of the documents relied upon by Jacob bear Bates labels, attesting to the fact that they were produced in discovery. Most of the remaining documents are letters addressed to Lydian's CEO Steven Lockshin. All of these documents were already in plaintiffs' possession at the time they submitted their motion to compel disclosure, and as such cannot have been the subject of that motion. Plaintiffs' motion makes clear that plaintiffs sought documents containing Lydian's confidential information, and Jacob has not relied on any such documents in this action.

The remainder of the documents relied upon by Jacob were attached as exhibits to the affidavits of, *e.g.*, Christine Morse, Robert Mucklestone, Ken Krug, Roger Walther, Christian Putnam, and Elaine Scherba. Some of these documents do not bear Bates labels and do not appear to have been produced in discovery. However, there is no suggestion that the documents attached to these affidavits were in Jacob's possession or control prior to being offered as evidence: it appears that these documents were at all material times in the possession and control of third parties to this litigation. Jacob's reliance on such documents was therefore not in violation of Federal Civil Procedure Rule 37(c)(1)'s prohibition on the use at trial of information required to be disclosed by Rule 26(a) that is not properly disclosed.

Because Jacob does not rely on any documents that should have been disclosed pursuant to Rule 26(a)(1)(B), this court's findings of fact and conclusions of law were not in error. Plaintiffs' motion (#120) is therefore denied to the extent it seeks reconsideration of this court's denial of plaintiffs' motion to compel disclosure.

Plaintiffs' second assignment of error relates to this court's denial of plaintiffs' motion to

compel production in response to Plaintiffs' Requests Nos. 12, 15, and 23. Plaintiffs note, correctly, that in its order (#112), this court stated as follows:

> In the course of her deposition [on July 24, 2007], plaintiffs learned for the first time of the existence of confidential information on [Jacob's] laptop. Plaintiffs took no immediate action to request that Jacob update her previous discovery responses. Six days later, on July 30, 2007, the deadline for completion of all discovery in this action passed without any action being taken to secure production of the documents in question.

Plaintiffs now argue that this court's findings above were "in error" because plaintiffs took two separate actions to secure production of documents responsive to Plaintiffs' Requests Nos. 12, 15, and 23 before the July 30, 2007, deadline passed. The first such action pointed to by plaintiffs was plaintiffs' June 15, 2007, motion (#75) to compel.

Preliminarily, the June 15, 2007, motion to compel cannot belie this court's finding quoted above, because that motion predated Jacob's deposition, at which plaintiffs first learned of the existence of the confidential information on Jacob's laptop. Plaintiffs cannot in June 2007 have requested an update of Jacob's discovery responses in light of facts learned in July 2007.

More critical to disposition of plaintiffs' motion for reconsideration, however, is the fact that, as noted above, the June 15, 2007, motion sought to compel production of documents in response to Plaintiffs' Requests Nos. 3-8, 13, 16, 17, 20, and 21, a response to Plaintiffs' Interrogatory No. 2, and a privilege log. The motion to compel that is the subject of plaintiffs' motion for reconsideration sought responses to Plaintiffs' Requests Nos. 12, 15, and 23. The June 15, 2007, motion to compel simply did not seek production of the same documents that were the subject of the October 5, 2007, motion.

The second action plaintiffs point to as evidence that they sought to secure production of documents responsive to Plaintiffs' Requests Nos. 12, 15, and 23 before the July 30, 2007,

Page 8 - OPINION AND ORDER

deadline is a letter dated September 13, 2007, in which plaintiffs request, to all appearances for the first time, confidential information stored on Jacob's laptop. Because the letter was sent some six weeks following the closure of all discovery in this action, it cannot support plaintiffs' assertion that timely action was taken.

The record before the court contains no other evidence that plaintiffs timely sought production of documents responsive to Requests Nos. 12, 15, or 23. Because the evidence in the record is wholly consistent with this court's findings of fact and conclusions of law, plaintiffs' motion (#120) is denied to the extent premised on plaintiffs' second assignment of error.

Plaintiffs' third assignment of error relates to this court's statement that "the deadline for completion of *all discovery* in this action passed without any action being taken to secure production of the documents in question." Plaintiffs argue that the court's statement is necessarily false because "[t]he only discovery that has been conducted is the Fed. R. Civ. P. 56(f) discovery . . . ." As noted above, however, the general discovery cut-off date was extended by minute order (#42) from April 16, 2007, to July 16, 2007, and was not thereafter modified. The third assignment of error is wholly without basis.

Plaintiffs' fourth assignment of error properly relates to this court's disposition of Jacob's motion for partial summary judgment rather than to this court's order of October 11, 2007. In its Findings and Recommendation (#113), the court found no genuine issue of material fact as to whether Jacob used plaintiffs' confidential information. Plaintiffs now assert that Jacob's concession that she *possessed* Lydian's confidential information necessarily creates a question of fact as to whether she also *used* such information. Plaintiffs' assertion is inaccurate: the two questions are entirely orthogonal. The record before the court is void of evidence of use, and the

Page 9 - OPINION AND ORDER

court's finding was without error.

Plaintiffs' fifth assignment of error relates to this court's denial of plaintiffs' requests for sanctions and for abeyance of summary judgment proceedings. Plaintiffs' implicit argument is that these denials were in error because the motions to compel disclosure and production should have been granted. Because, as indicated above, the motions to compel were properly denied, no sanctions or continuance are appropriate. Plaintiffs' requests for sanctions and for abeyance of summary judgment proceedings were therefore properly denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#120) is denied in its entirety.

Dated this 26th day of October, 2007.

       /s/ Paul Papak
      Honorable Paul Papak
      United States Magistrate Judge