IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYDIAN WEALTH MANAGEMENT
COMPANY, LLC and WINDERMERE
INVESTMENT ASSOCIATES, LLC,
        Plaintiffs,

CV 06-1796-PK

OPINION AND
v.                                              ORDER

NANCY L. JACOB,
        Defendant.

PAPAK, Magistrate Judge:

       This action was filed in December 2006 against defendant Nancy L. Jacob by plaintiffs Lydian Wealth Management Company, LLC ("Lydian Wealth"), and Windermere Investment Associates, LLC ("Windermere"). Jacob filed counterclaims on February 9, 2007.

       On October 11, 2007, this court issued Findings and Recommendation (#113) recommending that Jacob's motion for partial summary judgment (#16) be granted as to all of plaintiffs' claims. On January 25, 2008, Judge Mosman issued an Opinion and Order adopting

Page 1 - OPINION AND ORDER

this court's Findings and Recommendation without modification (#132), and on March 4, 2008, entered final judgment in Jacob's favor as to each of plaintiffs' claims for relief (#145).

Subsequently, on March 13, 2008, Jacob filed a third-party complaint against Lydian Trust Company ("Lydian Trust") and amended her counterclaims against Lydian Wealth and Windermere (#150). One week later, on March 20, 2008, plaintiffs filed a notice of appeal of the judgment as to their claims (#152).

Now before the court is plaintiffs' motion for stay of these proceedings pending resolution of plaintiffs' appeal (#155). This court has considered plaintiffs' motion and all of the materials submitted by the parties. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

## LEGAL STANDARD

"District courts have inherent authority to stay proceedings before them. . . ." *Gates v. Woodford (Rohan ex rel. Gates)*, 334 F.3d 803, 817 (9th Cir. 2003), *citing Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Indeed, the Supreme Court has stated that the courts' inherent discretion to stay proceedings is an important tool in the promotion of judicial economy:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis*, 299 U.S. at 254-55. "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. . . ." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (D.

Cal. 1997), *citing American Seafood v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374 (E.D. Penn. 1992).

**ANALYSIS**

Plaintiffs request stay of further proceedings in this action, pending resolution of their appeal of this court's disposition of their claims against Jacob. Plaintiffs' claims were for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, intentional interference with contractual relations, and intentional interference with prospective business advantage, all premised on Jacob's alleged violation of a set of restrictive covenants contained within an employment agreement (the "employment agreement") entered into by Jacob and the plaintiffs on May 20, 2004.

For her part, Jacob brings three claims against Lydian Wealth, Windermere and Lydian Trust, respectively alleging breach of contract, requesting attorney fees pursuant to O.R.S. 20.105, and seeking an accounting. The breach of contract and accounting claims are premised on plaintiffs' alleged violation of certain payment terms contained within a purchase agreement (the "purchase agreement") executed March 11, 2004, pursuant to which Lydian Wealth agreed to purchase Windermere from Jacob, whereas the Section 105 claim is premised on the alleged objective baselessness of plaintiffs' originally-filed claims.

### A. Breach of Contract, Accounting

Although the employment agreement and purchase agreement are cognizably related – the employment agreement was entered into as of the effective date of the sale of Windermere, and Lydian Wealth's agreement to purchase Windermere contemplated that Jacob would become an employee of Lydian Wealth and Windermere following the sale – the specific contractual

provisions at issue in the parties' two sets of contract-based claims are entirely orthogonal. That is, analysis of the validity and scope of the restrictive covenants allegedly violated by Jacob does not require construal of the payment terms of the purchase agreement, nor is analysis of counter- and cross-defendants' obligations under the purchase agreement dependent in any degree on Jacob's compliance with her obligations pursuant to the restrictive covenants.

Because there is effectively no overlap in the analyses of the two sets of claims, none of the factors bearing upon the merits of plaintiffs' motion mitigate in favor of staying proceedings in connection with the contract-based claims. Judicial resources would not be conserved by granting plaintiffs' motion, because permitting Jacob's claims to go forward would not require the courts to perform duplicative analysis. Plaintiffs can point to no hardship or inequity that would result to them from denial of the motion, because they would not thereby be required to litigate the same issues on more than one occasion or in different fora. Finally, the factor of prejudice to the non-moving party is at most neutral, and arguably could mitigate in favor of denial, in that Jacob could colorably claim that her interest in speedy resolution of her claims would be prejudiced by unnecessary delay in their adjudication. Plaintiffs' motion is therefore denied as to further proceedings in connection with Jacob's breach of contract and accounting claims.

### B. O.R.S. 20.105

Jacob's claim for attorney fees pursuant to O.R.S. 20.105 is based on the allegation that plaintiffs' claims against her were without objectively reasonable basis. The merits of her Section 105 claim are therefore closely intertwined with the merits of plaintiffs' pending appeal.

The *Rivers* factors therefore mitigate, however slightly, in favor of granting the motion to

stay in connection with the Section 105 claim. Judicial resources could at least potentially be conserved by granting the stay, in that resolution of the appeal could conceivably render the Section 105 claim moot. Moreover, permitting Section 105 proceedings to go forward would necessarily raise the risk of inconsistent outcomes. Although the hardship plaintiffs could claim in the event the motion were denied as to Section 105 proceedings is less than extreme, so too is the potential prejudice to Jacob's interests in the event the stay were granted, particularly in light of the high bar Jacob faces in establishing the objective baselessness of plaintiffs' legal position. Plaintiffs' motion is therefore granted as to further proceedings in connection with Jacob's claim for attorney fees pursuant to O.R.S. 20.105.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to stay proceedings (#155) is granted in part and denied in part. Specifically, further proceedings in this action are hereby stayed pending the outcome of plaintiffs' appeal noticed March 20, 2008, in connection with Jacob's second claim for relief, seeking attorney fees pursuant to O.R.S. 20.105, only. Further proceedings in connection with Jacob's first and third claims for relief, respectively for breach of contract and accounting, will go forward unabated.

Dated this 3rd day of April, 2008.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge